UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL F. GOOD,

    Plaintiff,

v.

Case No. 4:05-CV-40061

Hon. Paul V. Gadola

ILITCH HOLDINGS, INC., a
Michigan corporation; OLYMPIA
ENTERTAINMENT, INC., a Michigan
corporation; LITTLE CAESAR ENTERPRISES,
INC., a Michigan corporation; DETROIT
RED WINGS, INC., a Michigan corporation;
DETROIT TIGERS, INC., a Michigan
corporation; and CHRISTOPHER ILITCH,
jointly and severally,

    Defendants.

_____/

DEBORAH L. GORDON, PLC
By: Deborah L. Gordon (P27058)
    Marissa W. Pollick (P35501)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan 48304
(248) 258-2500

KIENBAUM OPPERWALL
  HARDY & PELTON, P.L.C.
By: Elizabeth Hardy (P37426)
    William B. Forrest III (P60311)
Attorneys for Defendants
325 S. Old Woodward Avenue
Birmingham, Michigan 48009
(248) 645-0000

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Ilitch Holdings, Inc., Olympia Entertainment, Inc., Little Caesar Enterprises, Inc., Detroit Red Wings, Inc., Detroit Tigers, Inc., and Christopher Ilitch, by their attorneys, Kienbaum Opperwall Hardy & Pelton PLC, answer Plaintiff's Complaint as follows:

## JURISDICTION AND PARTIES

1. Defendants neither admit nor deny that Plaintiff brings this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, because that allegation states a legal conclusion to which no response is required. In further answer, Defendants deny that this action arises out of Plaintiff's employment with all of the "Defendants," because Plaintiff was not employed by all of the Defendants.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## BACKGROUND FACTS

7. Defendants deny that Plaintiff became employed with all of the "Defendants," in October 1999. In further answer, Defendants admit only that in October 1999, Plaintiff became employed with PKC, LLC (d/b/a Little Caesars Pizza Kit) as executive assistant to Defendant Christopher Ilitch, then president of PKC, LLC.

8. Defendants admit that in June 2000, Christopher Ilitch and Denise Ilitch were appointed co-presidents of Defendant Ilitch Holdings, Inc., and at such time Plaintiff became an employee of Ilitch Holdings, Inc., in the position of executive assistant to Christopher Ilitch.

9. Denied.

1

10. Denied.

11. Denied.

12. Admitted.

13. Defendants neither admit nor deny the allegations in paragraph 13 of Plaintiff's Complaint because Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

14. Admitted.

15. Defendants admit, on information and belief, that Plaintiff's infant son became ill with an infection. In further answer, Defendants admit that Plaintiff did not report to work for the period October 12, 2003 through November 3, 2003.

16. Defendants neither admit nor deny that Plaintiff "attempted numerous times to make phone contact" with Christopher Ilitch because Defendants lack knowledge or information sufficient to form a belief as to the truth of that allegation. Defendants deny the remainder of the allegations in paragraph 16 of Plaintiff's Complaint.

17. Denied.

18. Denied.

19. Defendants admit, on information and belief, that Plaintiff's infant son became ill with an infection. In further answer, Defendants admit that Plaintiff did not report to work for the period November 9, 2003 through February 1, 2004.

20. Defendants neither admit nor deny the allegations contained in Paragraph 20 of Plaintiff's Complaint because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

21. Denied.

22. Defendants deny that Plaintiff was given such an "ultimatum." Defendants further deny that a single individual worked in the capacity of "Senior Director of Human Resources" for all of the Defendants. Defendants neither admit nor deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

23. Denied.

24. Defendants admit only that on February 2, 2004, Plaintiff began a temporary assignment working for the General Counsel of Defendant Olympia Entertainment, Inc. Defendants admit, on information and belief, that Plaintiff began that assignment at the direction of Denise Ilitch. Defendants deny that a single individual worked in the capacity of "Senior Director of Human Resources" for all of the Defendants.

25. Defendants admit only that on February 2, 2004, Plaintiff began a temporary assignment working for the General Counsel of Defendant Olympia Entertainment, Inc.

26. Defendants neither admit nor deny the allegations contained in Paragraph 26 of Plaintiff's Complaint because they lack knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff "learned."

27. Defendants neither admit nor deny the allegations contained in Paragraph 27 of Plaintiff's Complaint because they lack knowledge or information sufficient to form a belief as to the truth of those allegations.

28. Defendants admit only that after the temporary assignment ended on March 12, 2004, Plaintiff's employment terminated.

29. Denied.

30. Denied.

3

31. Denied.

## COUNT I
## RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1983

32. Defendants restate their answers to paragraphs 1 through 31.

33. Defendants neither admit nor deny the allegations contained in Paragraph 33 of Plaintiff's Complaint because those allegations state legal conclusions to which no response is required.

34. Defendants neither admit nor deny the allegations contained in Paragraph 34 of Plaintiff's Complaint because those allegations state legal conclusions to which no response is required.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief alleged in her Complaint. Defendants request that this Court enter a judgment of no cause of action in Defendants' favor and against Plaintiff, together with Defendants' costs and attorney fees incurred in defending this action.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, Defendants state as follows for their affirmative defenses:

1. The Complaint, and each claim therein, fails to state a claim upon which relief can be granted.

2. Plaintiff was not employed by Defendants Little Caesar Enterprises, Inc., Detroit Red Wings, Inc., Detroit Tigers, Inc., and/or Christopher Ilitch.

3. Plaintiff has failed to name the proper parties to this action.

4. Plaintiff has failed to mitigate alleged losses (her entitlement to recovery for which is expressly denied).

5. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings or remunerations, profits and benefits received by Plaintiff.

6. Defendants reserve the right to add additional affirmative defenses prior to trial.

Respectfully submitted,

KIENBAUM OPPERWALL
HARDY & PELTON, P.L.C.

By: _____
Elizabeth Hardy (P37426)
William B. Forrest III (P60311)
Attorneys for Defendants
325 S. Old Woodward Avenue
Birmingham, Michigan 48009
(248) 645-0000

Dated: March 21, 2005

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL FILED**
MAR 21 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

CHERYL F. GOOD,

    Plaintiff,

v.

Case No. 4:05-CV-40061

Hon. Paul V. Gadola

ILITCH HOLDINGS, INC., a Michigan corporation; OLYMPIA ENTERTAINMENT, INC., a Michigan corporation; LITTLE CAESAR ENTERPRISES, INC., a Michigan corporation; DETROIT RED WINGS, INC., a Michigan corporation; DETROIT TIGERS, INC., a Michigan corporation; and CHRISTOPHER ILITCH, jointly and severally,

    Defendants.

## CERTIFICATE OF SERVICE

### PROOF OF SERVICE

The undersigned certifies that on March 21, 2005, **Defendants' Answer and Affirmative Defenses** and this **Proof of Service** were served upon:

Deborah L. Gordon
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan 48304

via United States 1st Class Mail.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

                                                              Diane Roy